**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LOURDES MORA,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC, FEDERAL PACIFIC CREDIT COMPANY, LLC and T-MOBILE USA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:16-cv-06714<br><br>Judge: Rebecca R. Pallmeyer<br><br>Magistrate Judge: Mary M. Rowland |

**MOTION TO REASSIGN AS RELATED**

Defendants, Dynamic Recovery Solutions, LLC ("Dynamic") and Federal Pacific Credit Company, LLC ("Federal Pacific")(Dynamic and Federal Pacific are collectively "Defendants") by their attorneys, David M. Schultz and Jennifer W. Weller, move pursuant to Local Rule 40.4 to re-assign Case No. 16-cv-06860 entitled *Lourdes Mora v. Dynamic Recovery Solutions, LLC and Federal Pacific Credit Company LLC* to Case No 16-cv-06714 based on relatedness. In support of this motion, Defendants state as follows:

1. On June 30, 2016, Lourdes Mora filed a lawsuit asserting claims Dynamic Recovery Solutions, LLC and Federal Pacific Credit Company LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Illinois Consumer Fraud and Deceptive Business Practices Act (“ICFA”), 815 ILCS 505/2 ("Mora 2"). In Mora 2 Plaintiff alleges that Dynamic sent a letter to her on behalf of Federal Pacific seeking to collect an account originated with U.S. Cellular and now owned by Federal Pacific. She alleges that the debt is time barred and she cannot be sued on it. (Dkt #1 in Case No. 16-6860, ¶19). Dynamic's letter advises:

> The law limits how long you can be sued on a debt. Because of the age of your debt Federal Pacific Credit Company LLC will not sue you for it and Federal Pacific Credit Company LLC will not report it to any credit reporting agency. If you make a partial payment on this account it may restart the statute of limitations on this account. (Ex. A to Dkt #1 in Case No. 16-cv-06860).

2. Plaintiff alleges "Defendants attempted to lure Plaintiff into a trap whereby she will pay towards a timebarred debt in exchange for a renewed statute of limitations period." (Dkt #1 in Case No. 16-cv-06860, ¶26). Case No. 16-cv-06860 was assigned to Judge Coleman. A copy of Mora's Complaint in Mora 2 is attached as Exhibit A.

3. On July 27, 2016, Mora filed a lower-numbered, related action in the Northern District of Illinois entitled *Lourdes Mora v. Dynamic Recovery Solutions, LLC, Federal Pacific Credit Company LLC. and T-Mobile USA, Inc.*, Case No. 16-cv-06714. ("Mora 1") The complaint in Case No. 16-cv-06714 is attached as Exhibit B. Case No. 16-cv-06714 is assigned to this Court. In this case Mora argues that Dynamic and Federal Pacific violated the FDCPA and ICFA. Plaintiff alleges that Dynamic sent a letter to her on behalf of Federal Pacific seeking to collect an account originated with T-Mobile and now owned by Federal Pacific.

4. The letter at issue in this case contains the disclosure:

> The law limits how long you can be sued on a debt. Because of the age of your debt Federal Pacific Credit Company LLC will not sue you for it and Federal Pacific Credit Company LLC will not report it to any credit reporting agency. If you make a partial payment on this account it may restart the statute of limitations on this account. (Ex. A to Dkt #1 in Case No. 16-cv-6714).

5. As in Mora 2, the complaint in this case similarly alleges, "Defendants attempted to lure Plaintiff into a trap whereby she will pay towards a timebarred debt in exchange for a renewed statute of limitations period." (Ex. B, ¶34).

6. Local Rule 40.4(a) provides that cases are related if one or more of the following conditions are met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

7. At a minimum, Mora's cases satisfy the second condition listed in Local Rule 40.4(a). Both cases arise out of a collection letter Dynamic sent to Plaintiff for collection of a time barred debt which letter stated:

> The law limits how long you can be sued on a debt. Because of the age of your debt Federal Pacific Credit Company LLC will not sue you for it and Federal Pacific Credit Company LLC will not report it to any credit reporting agency. If you make a partial payment on this account it may restart the statute of limitations on this account.

Both cases involve Plaintiff's challenge to the above referenced disclosure.

8. Local Rule 40.4(b) further provides that the following conditions for reassignment must be met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

9. Each condition in 40.4(b) is met. First, both cases are pending in the Northern District of Illinois. Second, the handling of both cases by the same judge will result in a substantial saving of judicial time and effort because the parties in both cases are the same, (T-Mobile was voluntarily dismissed from this case on August 2, 2016 (Dkt #17)), the lawyers representing the parties are the same and both cases involve the same disclosure language in collection letters sent by Dynamic to Plaintiff for an account owned by Federal Pacific. Relating

these cases will prevent duplicative written and oral discovery. Third, this case has not progressed to a point where relating the cases will delay the proceedings. Defendants' responsive pleading is due on August 12, 2016 in this matter, however, Defendants seek to enlarge that deadline until August 22, 2016- the deadline for the responsive pleading in Mora 2. No discovery schedule has been set in either case. Finally, the cases are susceptible of disposition in a single proceeding because the parties are the same and the discovery requested is likely to be the same.

Wherefore, Defendants, Dynamic Recovery Solutions, LLC and Federal Pacific Credit Company, LLC respectfully request that this Court enter an order: (1) designating Case No. 16-cv-6860 entitled *Lourdes Mora v. Dynamic Recovery Solutions, LLC and Federal Pacific Credit Company LLC* as related under Local Rule 40.4 with Case No 16-cv-06714; (2) reassigning Case No. 16-cv-6860 from Judge Coleman to Judge Pallmeyer (3) forwarding these findings to the Executive Committee along with a request that the Committee enter an appropriate order re-assigning this case as requested herein and (4) enlarging the deadline for Defendants' responsive pleading in this case to August 22, 2016.

Respectfully submitted,

DYNAMIC RECOVERY SOLUTIONS, LLC
and FEDERAL PACIFIC CREDIT
COMPANY, LLC, Defendants

/s/ Jennifer W. Weller
Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Email: jweller@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2016 I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing Motion to Reassign as Related by using the CM/ECF system, which will send notification of such filing(s) to:

Omar T. Sulaiman
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523
Email: osulaiman@sulaimanlaw.com

/s/ Jennifer W. Weller